## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 1400 Eye Street, N.W. Suite 450 Washington, D.C. 20005 <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE,** 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530 <br><br> ERIC HOLDER, ATTORNEY GENERAL (in his official capacity) 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530 <br><br> VIRGINIA A. SEITZ, ASSISTANT ATTORNEY GENERAL (in her official capacity) 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Administrative Procedure Act ("APA") and the Freedom of Information Act ("FOIA") challenging as arbitrary, capricious, and contrary to law the failure of the U.S. Department of Justice ("DOJ") to comply with 5 U.S.C. § 552(a) by refusing to make available to the public opinions of the Office of Legal Counsel ("OLC") on questions of law, which constitute unpublished statements of policy and interpretations that have been adopted by the executive branch, and final opinions made by OLC in the adjudication of disputes involving

executive branch agencies.

## JURISDICTION AND VENUE

2. This Court has personal and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States), 5 U.S.C. §§ 701, 702, and 706 (APA), 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act), and 5 U.S.C. § 552(a)(4)(B) (FOIA). The APA gives private parties the right to seek injunctive relief from an agency or agency official or employee when adversely affected or aggrieved by agency action or inaction, 5 U.S.C. § 702, and empowers courts to compel agency action unlawfully withheld or unreasonably delayed, *id.* at § 706.

3. Venue lies in this district under 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit, non-partisan corporation organized under § 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials, determining what the executive branch considers to be binding law, ensuring the integrity of government officials and their actions, and protecting the integrity of our political system against corruption and deceit.

5. To advance its mission, CREW uses a combination of research, litigation, advocacy, and public education to disseminate information to the public about government officials and their actions. As part of its research, CREW uses government records made available to it under the FOIA as well as government records agencies have otherwise made available for inspection and copying.

2

6.  CREW has filed requests in the past with DOJ seeking legal opinions issued by OLC. CREW sought these opinions because they explain the rationale for controversial decisions DOJ and other agencies have made, including decisions CREW has challenged in litigation. Currently, CREW is participating as an *amicus* in litigation seeking public access to a legal opinion OLC issued setting forth its final, definitive interpretation of the scope of the FBI's authority under federal surveillance laws.

7.  In addition, CREW recently filed a FOIA request with OLC for all opinions discussing the authority of the president as well as any executive branch agency or agency component to conduct domestic and foreign surveillance.  CREW also plans to file future FOIA requests for additional legal opinions issued by OLC concerning a range of controversial issues of public importance.

8.  The refusal of DOJ and OLC to provide CREW and the public with its opinions on questions of law, including those CREW has requested under the FOIA, has harmed and continues to harm CREW in carrying out its core programmatic activities in a manner within the zone of interests advanced by § 552(a)(2) of the FOIA.

9.  Defendant U.S. Department of Justice is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702.  DOJ and its component OLC have possession and control of opinions issued by OLC and are responsible for making those records available to the public.

10.  Defendant Eric Holder is the United States Attorney General and is sued solely in his official capacity.  As attorney general, Mr. Holder supervises and directs the activities and business of DOJ, including fulfilling the agency's legal obligations under the FOIA to make specified categories of records available to the public.

3

11.   Defendant Virginia A. Seitz is the Assistant Attorney General for DOJ's Office of Legal Counsel, and is sued solely in her official capacity.  As head of OLC, she supervises and directs the activities of that office, including fulfilling the agency's legal obligations under the FOIA to make specified categories of records available to the public.

## BACKGROUND

12.   The FOIA imposes a number of affirmative obligations on executive branch agencies, including the obligation to "make available for public inspection and copying" a number of categories of records, including, *inter alia*,

> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases; [and]
>
> (B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register . . .

5 U.S.C. §§ 552(a)(2)(A) and (B).

13.   OLC generates records within both of these categories based, in part, on authority derived from the Judiciary Act of 1789.  That statute charged the attorney general with, *inter alia*,

> giv[ing] his advice and opinion upon questions of law when required by the President of the United States, or when requested by the heads of any of the departments, touching any matters that may concern their departments . . .

Judiciary Act of 1789, ch. 20, § 35, 1 Stat. 73, 93.

14.   Further, Article 2, Section 2 of the Constitution permits the president to require in writing the opinions of principal officers of each executive department on any subject relating to the duties of their respective offices.

15.   The current codification of the Judiciary Act of 1789 directs the attorney general to

4

render opinions when requested by heads of executive departments "on questions of law arising in the administration of his department." 28 U.S.C. § 512. Pursuant to 28 U.S.C. § 510, the attorney general has delegated this responsibility to OLC.

16.  In addition, the president by executive order has directed agency heads to submit inter-agency disputes to the attorney general "[w]henever two or more Executive agencies are unable to resolve a legal dispute between them . . ." Exec. Order No. 12, 146, § 1-501, 3 C.F.R. § 409 (1979), reprinted as amended in 28 U.S.C. § 509 (1988).

17.  This authority has been exercised by various DOJ components over the years.  In 1933, the Independent Offices Appropriation Act, Pub. L. No. 73-78, § 16(a), 48 Stat. 283, 307 (June 16, 1933), created within DOJ a new office of the assistant solicitor general to which was delegated the responsibility of drafting legal opinions and providing legal advice to other executive branch agencies.  This office was abolished through Reorganization Plan No. 2 of 1950, 64 Stat. 1261, and replaced with the Executive Adjudications Division.  In 1953, the attorney general renamed it the Office of Legal Counsel.  Att'y Gen. Order No. 9-53 (Apr. 3, 1953).

18.  Current DOJ regulations define OLC's function as including the preparation of "the formal opinions of the Attorney General," 28 C.F.R. § 0.25(a), and "[r]endering opinions to the Attorney General and to the heads of the various organizational units of the Department on questions of law arising in the administration of the Department." *Id.* at § 0.25(c).

19.  According to internal OLC memoranda, the opinions OLC renders resolving these disputes, as well as all other binding opinions OLC issues, "may effectively be the final word on controlling law."  Memorandum from David Barron, Acting Assistant Attorney General, Office

of Legal Counsel, U.S. Department of Justice, for Attorneys of the Office 1 (July 16, 2010). *See also* U.S. Dep't of Justice, *Office of Legal Counsel* (March 2013), http://www.justice.gov.olc. Because many executive branch legal issues never reach a court for resolution, OLC in practice often functions as the final arbiter of the law for the executive branch, and the principle of *stare decisis* applies to its decisions. *Id.* at 2. *See also* Jack Goldsmith, The Terror Presidency 32-33, 36 (2007).

20. The binding opinions OLC renders include what DOJ has referred to in records schedules it submits to the National Archives and Records Administration as either "formal legal opinions," which it issues to the president, federal agencies and executive departments, and heads of DOJ components, and "informal opinions," which similarly serve as precedents, and constitute a body of executive law on important matters.

21. As further evidence of the binding nature of OLC opinions, the Justice Department generally does not prosecute individuals who take actions in reliance on those opinions, regardless of whether those actions are later believed or determined to be illegal. OLC opinions thus may confer the functional equivalent of immunity from criminal prosecution. *See, e.g.*, Goldsmith *supra* 96.

22. The binding nature of these opinions also has been recognized by 19 former OLC attorneys, including four former assistant attorneys general. *Principles to Guide the Office of Legal Counsel*, *reprinted in* 81 Ind. L.J. 1345, 1348 (2006). This same group urged OLC to "follow a presumption in favor of timely publication of its written legal opinions . . . to ensure executive branch adherence to the rule of law and guard against excessive claims of executive authority." *Id.* at 1352.

23. Despite the binding nature of the opinions and advice the attorney general and now OLC render, DOJ's publication practices have varied widely.

24. Dating back to at least 1840, compilations of attorney general opinions issued under the authority of the Judiciary Act were published and made available to the public. The first compilation was prepared by then-Attorney General Henry Dilworth Gilpin in 1840, and later published as a document of the House of Representatives.

25. Subsequently, on July 25, 1850, the House passed a resolution calling for the publication of attorney general opinions. The first volume, published in 1852, contained attorney general opinions from 1791 to 1825. Between 1851 and 1890, compilations of attorney general opinions were published with non-governmental funds, and thereafter with public funds.

26. According to OLC, its archives contain written memoranda and correspondence to the president dating back to 1933, at least some of which were published in a primary series of attorney general opinions. Just four volumes of published attorney general opinions (40-43 Op. Att'y Gen.) cover the years 1940 to 1982. The last volume of attorney general opinions (43 Op. Att'y Gen.), published in 1996, covers the years 1974 through 1982.

27. In 1977, then-Attorney General Griffin Bell directed OLC to begin publishing its opinions separate from the series of attorney general opinions. OLC published the first volume of that series in 1980, which included 73 opinions, estimated to constitute approximately one-quarter of the written legal opinions produced by the office in 1977.

28. Most recently, in July 2013, OLC began what it called a "supplemental series," purportedly to fill in the "gaps in the public record of Attorney General and OLC opinions." OLC's latest published volume contains just 66 select writings from attorneys general, assistant

7

solicitors general, and OLC for the years 1933 to 1977. OLC noted in the forward to this publication that not all of the selections reflect current law or the current position of OLC.

29. There is no publicly available figure of the exact number of opinions OLC has issued.

30. OLC has stated there is a "presumption that it should make its significant opinions available to the public." Memorandum from David Barron, Acting Assistant Attorney General, Office of Legal Counsel, U.S. Department of Justice, for Attorneys of the Office at 5. Despite this presumption, however, in practice OLC routinely keeps its opinions secret and, despite specific requests, refuses to make them available to the public.

31. OLC's practice of withholding from the public an unknown number of opinions it has rendered, including opinions on important topics of significant public interest, has resulted in the creation of a body of secret law that binds the executive branch.

32. By letter dated July 3, 2013, to OLC Assistant Attorney General Virginia A. Seitz, CREW requested that OLC immediately comply with its obligation under 5 U.S.C. § 552(a)(2) and make available for public inspection and copying all OLC opinions that are binding on the executive branch. CREW explained that OLC's failure to comply with this legal mandate has led to the creation of a body of secret law that undermines our democratic system of government and conflicts with DOJ's legal obligations.

33. In a letter dated August 20, 2013, Deputy Assistant Attorney General John E. Bies responded characterizing OLC opinions as confidential, pre-decisional legal advice protected by privilege and therefore constituting neither final opinions nor statements of policy and interpretations within the meaning of 5 U.S.C. §§ 552(a)(2)(A) & (B).

34.  Following the submission of its letter, CREW and others requested a meeting with Assistant Attorney General Seitz to discuss the release of OLC opinions.  To date, no one in OLC has responded to this request.

## PLAINTIFF'S CLAIM FOR RELIEF

35.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

36.  Section 552(a) of the FOIA, 5 U.S.C. § 552(a), requires all agencies to make available for public inspection and copying, *inter alia*, final opinions made in the adjudication of cases and statements of policy and interpretations adopted by the agency and not published in the Federal Register.

37.  The binding legal opinions OLC renders pursuant to delegated statutory authority fall within the categories of records the FOIA requires be made available for public inspection and copying.

38.  Notwithstanding this clear legal mandate, OLC and DOJ have refused to make all OLC binding legal opinions available for public inspection and copying, even upon specific request.

39.  As a result, there exists within OLC and DOJ a body of secret law that, while binding on the executive branch, is not accessible to the public.

40.  Defendants' refusal to make public this body of secret law created by OLC is arbitrary, capricious, and contrary to law.

41.  Plaintiff is therefore entitled to relief in the form of a declaratory judgment that defendants' refusal to make public all binding legal opinions issued by OLC is arbitrary,

capricious, and contrary to law.

42.  Plaintiff also is entitled to an injunction directing OLC and DOJ to make all binding legal opinions issued by OLC available for public inspection and copying.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare defendants' refusal to make public all binding legal opinions issued by OLC arbitrary, capricious, and contrary to law;

(2) Direct the defendants to make all binding legal opinions issued by OLC available for public inspection and copying;

(3) Award plaintiff its costs, expenses, and reasonable attorneys' fees in this action; and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 434584
Citizens for Responsibility and Ethics
in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
202-408-5565 (telephone)
202-588-5020 (facsimile)
aweismann@citizensforethics.org

Dated:  August 27, 2013          Attorneys for Plaintiff