**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**Citizens for Responsibility and Ethics in**      )
**Washington,**                                     )
                                                    )
            **Plaintiff,**                          )
                                                    )
            **v.**                                  )          **Civil No. 13-cv-01291 (APM)**
                                                    )
**U.S. Department of Justice,** _et al._,            )
                                                    )
            **Defendants.**                         )
_____             )

## <u>MEMORANDUM OPINION</u>

## I.    INTRODUCTION

Section 552(a)(2) of the Freedom of Information Act ("FOIA") is known as FOIA's "reading room" requirement. Unlike its better-known counterpart, Section 552(a)(3), which provides that an agency's disclosure obligation is triggered only upon a request for specific records, Section 552(a)(2) obligates agencies to make certain types of materials available "for public inspection and copying," without the predicate requirement of a request. As pertinent here, subsections 552(a)(2)(A) and (a)(2)(B) require agencies to make available for public inspection and copying, respectively, (1) "final opinions . . . made in the adjudication of cases" and (2) "those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register."

The plaintiff in this case, Citizens for Responsibility and Ethics in Washington, filed suit against Defendant U.S. Department of Justice ("DOJ"), alleging that DOJ has violated FOIA by failing to make legal opinions issued by its Office of Legal Counsel ("OLC") publicly available under subsections 552(a)(2)(A) and (a)(2)(B). Quite naturally, one would think that an alleged

violation of FOIA would be actionable under FOIA itself.  Not so here, at least according to Plaintiff, which contends that FOIA does not provide an adequate remedy to address DOJ's alleged Section 552(a)(2) violation.  For that reason, Plaintiff has filed suit seeking relief *solely* under the Administrative Procedure Act ("APA").  Not surprisingly, DOJ argues that Plaintiff cannot challenge DOJ's alleged lack of compliance with Section 552(a)(2) under the APA because FOIA provides an adequate remedy.  Thus, the primary question the court must address here is whether a suit alleging that an agency has violated Section 552(a)(2) must be brought under FOIA, and FOIA alone, or whether such a claim can be advanced under the APA.

The court concludes that Plaintiff has filed its suit under the wrong statute.  An action, as here, that seeks to compel a federal agency to comply with Section 552(a)(2) must be filed under FOIA.  It cannot be brought under the APA.  Accordingly, the court grants Defendants' Motion to Dismiss.

## II.    BACKGROUND

### A.    Factual Background

Plaintiff Citizens for Responsibility and Ethics in Washington ("Plaintiff" or "CREW") is a "nonprofit, non-partisan corporation . . . committed to protecting the rights of citizens to be informed about the activities of government officials; determining what the executive branch considers to be controlling legal authority, especially that which affects the public; ensuring the integrity of government officials and their actions; and protecting the integrity of our government and political system against corruption and deceit."  Am. Compl., ECF No. 18, ¶ 4.  On July 3, 2013, Anne L. Weisman, CREW's Chief Counsel, sent a letter to then-Assistant Attorney General Virginia Seitz, requesting that OLC "immediately comply with its obligation under 5 U.S.C. § 552(a)(2) to make available for public inspection and copying all OLC opinions that are binding

on the executive branch."  Defs.' Renewed Mot. to Dismiss, ECF No. 19 [hereinafter Mot. to Dismiss], Ex. 1, ECF No. 19-2 [hereinafter CREW Letter], at 1; *see also* Am. Compl. ¶ 9. "Specifically," Weisman wrote, "OLC is tasked with resolving inter-agency disputes, preparing the formal opinions of the [A]ttorney [G]eneral, and '[r]endering opinions to the Attorney General and to the heads of the various organizational units of the Department on questions of law arising in the administration of the Department.'"  CREW Letter at 1 (quoting 28 C.F.R. § 0.25(a), (c)). Weisman asserted that these OLC opinions "function as binding law on the executive branch," constitute "final opinions . . . made in the adjudication of cases" or "statements of policy and interpretations which have been adopted by the agency," and therefore, must be made "available for public inspection and copying" under Section 552(a)(2) of FOIA. *Id.* at 2.  She demanded that OLC "immediately begin the process of disclosing all of its opinions" or CREW "will seek relief from the courts." *Id.*

On August 20, 2013, Deputy Assistant Attorney General John E. Beis responded to Plaintiff's Letter on DOJ's and OLC's behalf.  In his letter, Beis disputed Plaintiff's contention that OLC does not comply with its FOIA obligations.  First, he wrote, "OLC provides confidential legal advice within the Executive Branch[, and as] such, OLC's advice is ordinarily covered by the attorney-client and deliberative process privileges, and is therefore exempt from mandatory disclosure under the FOIA."  Mot. to Dismiss, Ex. 2, ECF No. 19-3 [hereinafter OLC Letter]. Second, he countered that FOIA's "reading room" requirement does not apply to OLC legal opinions because, "as confidential and pre-decisional legal advice, our opinions generally constitute neither 'final opinions . . . made in the adjudication of cases' nor 'statements of policy and interpretations which have been adopted by the agency.'"  *Id.* (quoting 5 U.S.C. §§ 552(a)(2)(A) & (B)).  Beis then explained that in lieu of disclosing all of its opinions, OLC

"make[s] an individualized, case-by-case determination with respect to whether each opinion of our Office is appropriate for publication." *Id.* Through this process, which is outlined in an internal OLC memorandum known as the "Best Practices Memo," Mot. to Dismiss, Ex. 3, ECF No. 19-4, OLC publishes some of its opinions. It publishes others, Beis continued, "when [it] receive[s] a FOIA request seeking OLC records and an opinion is responsive to that request," at which time OLC "consider[s] whether to waive applicable privileges and release the opinion as a matter of administrative discretion." *Id.*

### B.    Procedural Background

One week after Beis responded to Plaintiff's Letter, on August 27, 2013, CREW filed suit against DOJ, as well as then-Attorney General Eric Holder and then-Assistant Attorney General Virginia Seitz—who was later replaced in this lawsuit by Assistant Attorney General Karl Thompson—in their official capacities (collectively "Defendants"). *See generally* Compl., ECF No 1. In the introductory sentence of its original Complaint, Plaintiff wrote: "This is an action under the [APA] *and* [FOIA] challenging as arbitrary, capricious, and contrary to law the failure of [DOJ] to comply with" Section 552(a)(2) "by refusing to make available to the public opinions of [OLC]." Compl. ¶ 1 (emphasis added). Defendants then moved to dismiss the Complaint. *See generally* Defs.' First Mot. to Dismiss, ECF No. 8.

On September 24, 2014, Judge Emmet G. Sullivan, who was then presiding over the case, held a hearing on Defendants' motion to dismiss. In a Minute Order issued after the hearing, Judge Sullivan denied without prejudice Defendants' motion and directed Plaintiff to file "an amended complaint clarifying the relief sought, the legal basis for such relief, and the avenue for judicial review of the claim." *See* Minute Order, Sept. 24, 2014.

One week later, on October 1, 2014, Plaintiff filed an Amended Complaint. *See generally* Am. Compl.  Plaintiff's Amended Complaint made clear that it sought relief only under the APA, and not FOIA.  Notably, Plaintiff dropped the phrase "an action under . . . FOIA" from the Amended Complaint's introductory sentence. Am. Compl. ¶ 1 ("This is an action under the [APA] challenging as arbitrary, capricious, and contrary to law the failure of the defendants to comply with . . . 5 U.S.C. § 552(a)(2)[.]").  Plaintiff re-alleged in the Amended Complaint that DOJ's refusal to make OLC legal opinions available under Section 552(a)(2) was contrary to the requirements of FOIA. *Id.*  Plaintiff asserted that it had "suffered an informational harm by being deprived of information the law required DOJ to affirmatively make publicly available." *Id.* ¶ 11.

Plaintiff's Amended Complaint sought declaratory, remedial, and injunctive relief. Plaintiff requested (1) a declaration that "[D]efendants' refusal to make available for public inspection and copying all final opinions made in the adjudication of cases and statements of policy and interpretations adopted by the agency [is] arbitrary, capricious, and contrary to law." *Id.* at 12-13.  Further, it asked for (2) an order requiring "[D]efendants to make all final opinions made in the adjudication of cases and statements of policy and interpretations available for public inspection and copying, including on an ongoing basis, and without a specific request for any specific opinion or category of opinion." *Id.* at 13.  And finally, Plaintiff demanded (3) an injunction prohibiting Defendants from:  (a) "misapplying the definition of final opinions made in the adjudication of cases and statements of policy and interpretations adopted by the agency"; (b) "applying discretionary factors of their own choosing in determining whether to make OLC opinions that fall within 5 U.S.C. § 552(a)(2) publicly available"; and (c) "categorically excluding from their publication responsibilities under 5 U.S.C. § 552(a)(2) opinions issued by OLC that provide controlling advice to executive branch officials on questions of law that are centrally

important to the functioning of the federal government . . . [and] opinions issued by OLC that serve

as precedent either within the OLC or within the executive branch, whether or not they are formal

or informal opinions." *Id.*

On October 20, 2014, Defendants filed their Renewed Motion to Dismiss, which is now

before this court. *See generally* Mot. to Dismiss.[1]  The court held oral argument on Defendants'

Motion on February 26, 2016. *See* Dkt. Entry, Feb. 26, 2016.

## III.    LEGAL STANDARD[2]

Defendants have moved to dismiss this matter under Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief can be granted.  Mot. to Dismiss at 1.  To

survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] In addition to arguing that FOIA provides an adequate remedy, Defendants' Motion raises a host of other arguments for why Plaintiff's claim must be dismissed, including that:  (1) Plaintiff failed to challenge any final agency action by OLC, *id.* at 1; *see also id.* at 15-19; Reply Mem. in Supp. of Mot. to Dismiss, ECF No. 21 [hereinafter Defs.' Reply], at 2-14; (2) Plaintiff failed to state a claim upon which relief can be granted because OLC opinions do not qualify under Section 552(a)(2) as either "final opinions . . . made in the adjudication of cases" or "statements of policy and interpretations which have been adopted by the agency," *see* Mot. to Dismiss at 19-28; Defs.' Reply at 18-21; (3) even if OLC opinions qualified under Section 552(a)(2), the opinions would be exempt from disclosure by the "attorney-client" and "deliberative process" privileges, *see* Mot. to Dismiss at 29-35; Defs.' Reply at 22-23; and (4) disclosure of OLC opinions would raise constitutional concerns, Mot. to Dismiss at 38-40; *see also* Defs.' Reply at 23-25.  Because the court concludes that FOIA provides an adequate remedy, thus precluding Plaintiff's sole claim under the APA, the court need not address these arguments.

[2] There is a dispute among the courts of this District as to whether the argument Defendants make here—FOIA offers an alternative remedy and thus precludes a claim under the APA—should be reviewed under Rule 12(b)(6) for failure to state a claim or under Rule 12(b)(1) for lack of subject matter jurisdiction.  *Compare Williams v. Conner*, 552 F. Supp. 2d 92, 102 (D.D.C. 2007) ("Defendant argues that Mr. Williams' claim under the Administrative Procedure Act must be dismissed because the APA is only available where there is no other adequate remedy.  The court notes, once again, that the government's APA argument appears to be properly brought under Rule 12(b)(6) of the Federal Rules for failure to state a claim and not as a jurisdictional matter under Rule 12(b)(1)."  (citation omitted)), *with Feinman v. FBI*, 713 F. Supp. 2d 70, 71-76 (D.D.C. 2010) ("[D]efendants cross-moved for partial summary judgment or, in the alternative, for dismissal . . . under Federal Rule of Civil Procedure 12(b)(1), on the ground that FOIA provides an adequate remedy for defendants' alleged practices and therefore precludes judicial review under the APA and deprives the Court of jurisdiction . . . .  The court agrees with Defendants.").  Plaintiff here does not challenge Defendants' moving to dismiss under Rule 12(b)(6).  The court therefore will evaluate the Motion under the Rule 12(b)(6) standard, rather than under Rule 12(b)(1).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The factual allegations in the complaint need not be "detailed"; however, the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, a court must grant the defendant's Rule 12(b)(6) motion. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

When evaluating a motion to dismiss under Rule 12(b)(6), the court must accept a plaintiff's "factual allegations . . . as true," *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 67 (D.C. Cir. 2015), and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). The court need not accept as true, however, "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## IV.   DISCUSSION

Although this case is ostensibly about DOJ's alleged non-compliance with FOIA, because Plaintiff challenges DOJ's actions only under the APA, it must satisfy the APA's predicate requirements for bringing suit. A key limitation on the *availability* of review under the APA is the

*unavailability* of any "other adequate remedy in a court" to challenge the disputed agency action. 5 U.S.C. § 704.  As the Supreme Court explained in *Bowen v. Massachusetts*, 487 U.S. 879 (1988), Congress included that express limitation in the statute to make clear that it "did not intend [for] the general grant of review in the APA to duplicate existing procedures for review of agency action."  *Id.* at 903.

In determining whether an "adequate remedy" is available under a law other than the APA, the Court of Appeals "has focused on whether a statute provides an independent cause of action or an alternative review procedure."  *El Rio Santa Cruz Neighborhood Health Center, Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005).  "Succinctly put, where a statute affords an opportunity for *de novo* district-court review, the court has held that APA review was precluded because 'Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [that statute's review provision] and the APA.'"  *Id.* (quoting *Envtl. Def. Fund v. Reilly*, 909 F.2d 1497, 1501 (D.C. Cir. 1990)).  And, even when *de novo* review is not available, the Court of Appeals has held that an adequate "alternative remedy need not provide relief identical to relief under the APA, so long as it offers relief of the 'same genre.'"  *Garcia v. Vilasck*, 563 F.3d 519, 522 (D.C. Cir. 2009) (quoting *El Rio*, 396 F.3d at 1272).  A remedy is not of the "same genre" "if [it] offers only 'doubtful and limited relief.'" *Id.* (quoting *Bowen*, 487 U.S. at 901).

The court first will address whether FOIA itself provides *any* remedy that would enable a plaintiff to enforce the requirements of Section 552(a)(2).  Then, the court will address whether FOIA provides an *adequate* remedy for a suit brought for such purpose.

### A.   Whether FOIA Itself Provides *Any* Remedy to Enforce the Requirements of Section 552(a)(2)

Defendants argue that "binding D.C. Circuit precedent" establishes that "the only way for a plaintiff to enforce [compliance with Section 552(a)(2)] is to submit an individual FOIA request pursuant to [Section 552(a)(3)]." Mot. to Dismiss at 9.   In other words, Defendants contend that the exclusive means to enforce compliance with Section 552(a)(2) is for a plaintiff to make an individualized request for records under Section 552(a)(3) and then, if the agency refuses to produce the requested records, to file suit under Section 552(a)(3) seeking disclosure.  Neither "a FOIA claim directly under § 552(a)(2)," nor "some other claim such as an APA claim," is available to remedy a violation of Section 552(a)(2), according to Defendants.  *Id.* at 9-10.

Plaintiff responds that "suits brought to enforce the obligations of [Section 552](a)(2) that are not premised on a request for an individual document are reviewable under § 706 of the APA." Pl.'s Opp'n, ECF No. 20, at 11.  It asserts that a suit to remedy a violation of Section 552(a)(2) cannot appropriately be brought under Section 552(a)(3) because of the differences between the two provisions:   "The [former] provision imposes an obligation to proactively and continuously make available to the public at large – through real or virtual reading rooms – categories of records, while the [latter] provision is aimed reactively at the disclosure of specifically requested documents to a specific requester only."  *Id.* at 13.  Accordingly, Plaintiff contends, "[r]elief under FOIA would not address an agency's failure to 'affirmatively and continuously disclose records proactively.'"  *Id.* at 14.

This court's resolution of the parties' dispute starts with the Court of Appeals' decision in *American Mail Line, Ltd. v. Gulick*, 411 F.2d 696 (D.C. Cir. 1969)—the "binding D.C. Circuit precedent" that Defendants assert forecloses Plaintiff's APA claim, *see* Mot. to Dismiss at 9.  In *Gulick*, the trial court had denied the plaintiff's request under FOIA to compel disclosure of a

memorandum that the agency explicitly relied upon to adjudicate a finding against the plaintiff. *Gulick*, 411 F.2d at 697-99.   In a decision that did not command a panel majority, the Court of Appeals held that FOIA required the agency to disclose the memorandum, although the panel members disagreed as to why.   *See id.* at 703 (Tamm., J.); *id.* at 704 (Bazelon, C.J., concurring); *id.* at 704-05 (Prettyman J., concurring).   In advancing their arguments, Defendants here focus on the primary opinion, written by Judge Tamm, which concluded that the agency should have disclosed the staff memorandum as a "final opinion [or] order, made in the adjudication of cases" under Section 552(a)(2)(A).   *See* 411 F.2d at 702.   In so concluding, Judge Tamm explained the interplay between Sections 552(a)(2) and (a)(3):   "[I]f [an] agency refuses to comply with paragraphs [552(a)](1) or [(a)](2) it is then subject to suit under the processes spelled out in paragraph [(a)](3)," *id.* at 701, which, at the time, granted district courts the authority to enjoin an agency from withholding records.   *Id.*[3]   Based on Judge Tamm's opinion, Defendants argue that the only vehicle for enforcing compliance with Section 552(a)(2) is the "submission of an individual FOIA request [under (a)(3)], exhaustion of administrative remedies, and then filing a lawsuit in district court [under (a)(4)(B)] seeking *de novo* review of any withholdings."   *See* Defs.' Reply at 11.

---

[3] In 1974, five years after the D.C. Circuit issued its opinion in *Gulick*, "paragraph (3)" of FOIA was amended.   An updated "request" provision remained in that paragraph:   "(3) Except with respect to the records made available under paragraphs (1) and (2) of this subsection, each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."   Pub. L. No. 93-502, 88 Stat. 1561 (1974).   The judicial review provision, however, was moved to paragraph (4)—"(4)(B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.   In such a case the court shall determine the matter de novo."   *Id.*   Sections 552(a)(3) and (a)(4) are effectively in that same form today.

Judge Tamm's opinion in *Gulick*, however, was not the final word on the matter. Three years after deciding *Gulick*, in *Irons v. Schuyler*, 465 F.2d 608 (D.C. Cir. 1972), the Court of Appeals addressed whether the U.S. Patent Office was required under Section 552(a)(2) to make available for public inspection and copying all of its unpublished manuscript decisions as well as an index of such decisions. *Id.* at 610. Relying on *Gulick*—and interpreting it as Defendants do here—the court observed that FOIA "contemplates that those desiring information not made available to the public under the agency's published rules [under Section 552(a)(2)] must request the desired records with greater descriptive concentration [under Section 552(a)(3)]." *Id.* at 612; *see also id.* at 611 (stating that because manuscripts are not published "in accordance with published rules" of the agency, "they are to be produced under the process spelled out in paragraph (a)(3), namely, as the result of a request for 'identifiable records'"). Analyzing the plaintiff's request under Section 552(a)(3), the court declined to compel production because, "as in *Gulick*, . . . the request . . . d[id] not meet the requirement of paragraph (a)(3) for identifiable records." *Id.* at 613.

But that too was not the final word on the matter. Following the Court of Appeals' decision, the plaintiff in *Irons* filed a petition for rehearing in which he argued that the Court "mistakenly relied upon [*Gulick*] to support the position that if an agency has failed to comply with Section 552(a)(2) . . . a party seeking these documents by litigation must comply with the 'identifiable' request requirement of Section 552(a)(3)." *Id.* at 614. In a "Supplemental Opinion on Petition for Rehearing," the court agreed that it had misinterpreted *Gulick* in its initial opinion.[4] It explained:

> The opinion in *Gulick* sets forth separately the views of the three judges who
> decided the case. Two of the judges concurred in holding that the single

---

[4] Technically speaking, Judge Fahy wrote the Supplemental Opinion and the other two judges—Judges MacKinnon and Robb—"concur[red] in the views . . . expressed" by Judge Fahy. *Id.* at 615.

memorandum there requested under the Freedom of Information Act should be made available as an identified document under Section 552(a)(3) of the Act. The third judge thought the case was moot, and that in any event the memorandum in the circumstances should be made available quite independently of the Freedom of Information Act. *It does not appear that the majority concurred in any views as to the Freedom of Information Act except that the memorandum was an identified record and should be made available as such.*

*Id.* at 614 (emphasis added).

The court then "turn[ed] . . . to [FOIA] itself rather than to *Gulick*" and stated: "[W]e agree that the opinions and orders referred to in Section 552(a)(2), when properly requested, are required to be made available, and that such requirement is judicially enforceable *without further identification under Section 552(a)(3)*, even though the agency has failed to make them available as required by Section 552(a)(2)." *Id.* at 614 (emphasis added). The court continued: "It is implicit in [Section 552(a)(2)], however, that the opinions and orders there referred to are identifiable." *Id.* Although it had revised its interpretation of *Gulick*, the Court nevertheless reached the same conclusion it had previously, finding that the plaintiff's request for "all unpublished manuscript decisions" was not a request for "identifiable records," and therefore, production of those records was not required under Section 552(a)(2). *See id.*

*Irons*, as modified by the Supplemental Opinion, thus confirms Defendants' position in this case in one respect, but rejects it in another. *Irons* makes clear that an action to enforce an agency's alleged non-compliance with Section 552(a)(2) is available under FOIA—specifically, through a suit that invokes federal court jurisdiction under Section 552(a)(4)(B). *See* supra note 3. The Court of Appeals' later decision in *Kennecott Utah Copper Corp. v. Dep't of Interior*, 88 F.3d 1191 (D.C. Cir. 1996), reiterated that principle. *Id.* at 1202 (stating that FOIA "divides agency documents into three categories," one of which consists of the records identified in Section 552(a)(2), and declaring that "[t]he statutes' remedial provision, § 552(a)(4), governs judicial review of all three types of documents" (citing S. Rep. No. 854, 93d Cong., 2d Sess. 9 (1974)).

12

However, contrary to Defendants' position, *Irons* stands for the proposition that, to enforce the requirements of Section 552(a)(2), a plaintiff need not first make a request under Section 552(a)(3). Rather, the request can be made directly under Section 552(a)(2), so long as the request, like those made under Section 552(a)(3), is for "identifiable" records. 465 F.2d at 614. In short, although Defendants are wrong to assert that an action to enforce compliance with Section 552(a)(2) can only be brought through a suit over a specific records demand made under Section 552(a)(3), they are right to assert that FOIA is the proper statutory vehicle for such an action. A suit to enforce the requirements of Section 552(a)(2) is thus available under Section 552(a)(4)(B).

Though Plaintiff does not address *Irons* in its pleadings, it does respond to Defendants' reliance on *Gulick*. Plaintiff argues that, in *Gulick*, "the court did *not* hold that the APA cannot be used to enforce the provisions of § 552(a)(2)," Pl.'s Opp'n at 12, or "that FOIA review is the exclusive remedy for all § (a)(2) claims," *id.* at 13. *Gulick* "did not even involve an APA claim," Plaintiff contends, but rather, involved a Section 552(a)(2) "claim founded on a specific request for a specific agency memorandum on which the agency had relied." *Id.* at 12. Those assertions are accurate so far as they go. But they do not rebut what the Supplemental Opinion in *Irons* clearly established, which is that FOIA supplies a remedy for an alleged violation of Section 552(a)(2).

Plaintiff also relies on *Public Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1 (D.D.C. 2000). There, the court stated that "FOIA actions outside the scope of § 552(a)(4)(B)"—that is, FOIA suits challenging agency action other than the withholding of records—"are reviewed under the standards set forth in § 706 of the APA." *Id.* at 9. But *Public Citizen* offers Plaintiff no help. As *Irons* and *Kennecott* make clear, an action to enforce disclosure under Section 552(a)(2) *does* fall

within the scope of Section 552(a)(4)(B), and thus the standards of FOIA, not those of the APA, are applicable to this suit.

B.     **Whether FOIA Provides an *Adequate* Remedy for a Suit Challenging an Agency's Compliance with Section 552(a)(2)**

Having concluded that FOIA provides a remedy for a violation of Section 552(a)(2), the court turns next to whether that remedy is adequate.  Section 552(a)(4)(B) confers upon federal district courts "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  According to Plaintiff, that remedial provision is inadequate here—and therefore its suit is *not* precluded under the APA—because the only relief it affords is compelled disclosure of records specifically requested by and withheld from a FOIA requester.  Pl.'s Opp'n at 13 (arguing that relief for a Section 552(a)(3) violation is "the disclosure of specifically requested documents to a specific requester only").  Such relief, Plaintiff contends, "would not address an agency's failure to 'affirmatively and continuously disclose records proactively.'"  *Id.* at 14 (citation and footnote omitted).  In other words, according to Plaintiff, FOIA does not empower district courts to provide the kind of forward-looking injunctive relief that would prevent an agency from continuing to violate Section 552(a)(2).

Defendants agree with Plaintiff about the limitations of FOIA's remedial scheme.  Relying on *Kennecott*, Defendants assert that under FOIA the court can, at most, order the disclosure of OLC opinions that DOJ has otherwise refused to disclose in response to a FOIA request.  "[I]t is doubtful that FOIA would permit a court to enter 'an injunction directing defendants to make publicly available on an ongoing basis, and without a specific request, all past and future final opinions made in the adjudication of cases and statements of policy and interpretations adopted by the agency.'"  Mot. to Dismiss at 12 (quoting Compl. ¶ 43 and citing *Kennecott*, 88 F.3d at 1203);

*see also* Mot. Hr'g Tr. 6:5-8, Feb. 26, 2015 (draft) ("FOIA would not allow Your Honor to issue the type of injunction that CREW is requesting here, which is to prospectively require OLC to publish Decisions.").

The court is far from convinced that the parties are correct about the limited extent of the court's remedial authority under FOIA.  The statute itself provides district courts with the authority "to enjoin the agency from withholding agency records *and* to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B) (emphasis added). The statute's use of the conjunctive "and" suggests that district courts have the power to issue injunctive relief beyond merely compelling disclosure of records.  That conclusion is bolstered by the Supreme Court's observation that "[t]he broad language of the FOIA, with its obvious emphasis on disclosure and with its exemptions carefully delineated as exceptions; the truism that Congress knows how to deprive a court of broad equitable power when it chooses so to do . . . ; and the fact that the Act, to a definite degree, makes the District Court the enforcement arm of the statute," offers "little to suggest . . . that Congress sought to limit the inherent powers of an equity court."  *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974).  The Court of Appeals has echoed the same:  "The FOIA imposes no limits on courts' equitable powers in enforcing its terms."  *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citing *Renegotiation Bd.*, 415 U.S. at 19-20).[5]

The court need not, however, decide the extent of a district court's equitable powers under FOIA's remedial scheme to conclude that, in this case, FOIA provides an adequate remedy, thus

---

[5] Defendants' citation to *Kennecott* is unconvincing.  *Kennecott* addressed whether a district court has the authority to compel an agency to "publish" materials in the Federal Register, as required by Section 552(a)(1).  *See Kennecott*, 88 F.3d at 1202-03.  It did not address the scope of a district court's authority to afford relief for a violation of Section 552(a)(2).  Indeed, in *Tax Analysts v. IRS*, 117 F.3d 607 (D.C. Cir. 1997), the Court of Appeals acknowledged that the extent of a court's authority to remedy a Section 552(a)(2) violation remains an open question.  *See id.* at 610.

precluding review under the APA.  The Court of Appeals has left no doubt that "where a statute affords an opportunity for *de novo* district-court review, . . . APA review [i]s precluded because 'Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [the statute's review provision] and the APA,'"  *El Rio*, 396 F.3d at 1270 (quoting *Envtl. Def. Fund*, 909 F.2d at 1501).  FOIA, of course, affords complainants who bring suit under Section 552(a)(4)(B) a *de novo* review of the agency's withholding of information. 5 U.S.C. § 552(a)(4)(B) (stating that "[i]n such a case the court shall determine the matter de novo").  *De novo* review would have been available to Plaintiff here had it filed suit under FOIA.

Moreover, even if the court's authority were limited to ordering DOJ to disclose extant OLC opinions that Plaintiff specifically requested under Section 552(a)(2), such relief is of the "same genre" as the relief that Plaintiff seeks under the APA.  For starters, an order directing OLC to disclose requested opinions would remedy the "informational harm" Plaintiff claims to have suffered.  Am. Compl. ¶ 11.  As stated in *Kennecott*, "[p]roviding documents to the individual fully relieves *whatever informational injury* may have been suffered by that particular complainant." 88 F.3d at 1203 (emphasis added).  Concededly, such relief would be retrospective only, meaning that to obtain new OLC opinions not affirmatively made available by DOJ, Plaintiff would be required to submit new demands to the agency.  But the Court of Appeals has observed that, although serial lawsuits against an agency "may be more arduous, and less effective in providing systemic relief, than continuing judicial oversight of federal government enforcement," such "situation-specific litigation affords an adequate, even if imperfect, remedy."  *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 751 (D.C. Cir. 1990).

Finally, as a practical matter, the court finds it hard to conceive that, if this court or, more likely, the Court of Appeals, were to conclude that certain OLC opinions are subject to the

disclosure requirements of Section 552(a)(2), DOJ would not modify its policies, thereby ameliorating the need for serial requests and litigation.  Indeed, FOIA itself contains at least two provisions that would encourage, if not compel, DOJ to adjust its policies.   Under Section 552(a)(4)(E)(i), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [Section 552(a)(4)(B)] in which the complainant has substantially prevailed."  *See, e.g.*, *Davy v. CIA*, 550 F.3d 1155, 1157-63 (D.C. Cir. 2008) (balancing factors under Section 552(a)(4)(E)(i) and commanding district court to "award[ ] fees and costs as to all matters on which [the plaintiff] prevailed").   Additionally, under Section 552(a)(4)(F)(i), a court may direct a Special Counsel to "initiate a proceeding to determine whether disciplinary action is warranted against [an] officer or employee who was primarily responsible for [an arbitrary and capricious] withholding."   The Special Counsel "shall [then] submit his findings and recommendations to the administrative authority of the agency concerned," who "shall take the corrective action that the Special Counsel recommends." *Id.*  It would be the height of irresponsibility for DOJ to continue to risk incurring attorney fees, and for its employees to risk a Special Counsel inquiry, by refusing to conform OLC policies to a judicial determination that certain of the office's opinions are subject to disclosure under Section 552(a)(2).  Therefore, even if FOIA does not afford Plaintiff the prospective relief it seeks, it does offer relief of the "same genre" under Section 552(a)(4)(B).

## IV.    CONCLUSION

For the foregoing reasons, the court grants Defendants' Motion to Dismiss and dismisses this action.  A separate Order accompanies this Memorandum Opinion.

Dated:  March 7, 2016

Amit P. Mehta
United States District Judge

17